UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN G. JIMENEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. CLEMENTS, et al.,<br><br>　　　　Defendants. | Case No. CV 19-2418-DOC (SP)<br><br>MEMORANDUM AND ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |

## I.
## **PROCEEDINGS**

On March 29, 2019, plaintiff Steven Jimenez, proceeding pro se and in forma pauperis, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In the Complaint, plaintiff alleged that prison officials were deliberately indifferent to his medical needs while he was incarcerated at the California Men's Colony. On January 16, 2020, the Court found the Complaint subject to dismissal, and granted plaintiff leave to file a First Amended Complaint by February 18, 2020. The Court also gave plaintiff the option of notifying the Court by February 18, 2020 that he

1

intended to stand on the Complaint without amendment. Plaintiff did not file a First Amended Complaint or otherwise respond to the Court's January 16 order by the February 18 deadline, or at all.

After failing to receive a First Amended Complaint or any other communication from plaintiff, the Court issued an Order to Show Cause Why Complaint Should Not Be Dismissed for Failure to Prosecute ("OSC") on April 3, 2020. Plaintiff was ordered to respond to the OSC by April 24, 2020, and show cause why the action should not be dismissed for failure to prosecute and/or comply with a court order. The Court gave plaintiff several options for responding to the OSC, including showing cause in writing why the action should not be dismissed, filing a First Amended Complaint, or filing a Notice of Dismissal of the action. The Court cautioned plaintiff that his failure to timely respond to the OSC would be deemed by the Court as consent to the dismissal of this action without prejudice.

Plaintiff did not respond to the OSC by the April 24, 2020 deadline as ordered, and has not filed a First Amended Complaint. The Court has not received any response or other communication from plaintiff since July 12, 2019, when plaintiff filed a Notice of Change of Address.

## II.
## DISCUSSION

Since plaintiff has ceased complying with or responding to court orders, this case should be dismissed for failure to prosecute. When plaintiff failed to file a First Amended Complaint or give notice of his intent to stand on the Complaint by the February 18, 2020 deadline, the Court issued an OSC giving plaintiff an opportunity to show cause for his failure to prosecute, and warning plaintiff that failure to comply with the Court's order would be deemed by the Court as consent

to dismissal of this action without prejudice. Plaintiff failed to respond to the OSC by the deadline provided, or at all. Plaintiff's failure to file a First Amended Complaint or respond to the Court's OSC evidences a lack of prosecution on his part.

It is well established that a district court has authority to dismiss a party's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit affirmed the district court's dismissal of a case for failure to prosecute. The Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se party's action for failure to prosecute is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Id.* at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, plaintiff has failed to follow the Court's direction to file a First Amended Complaint or give notice of his intent to stand on the Complaint without amendment, and has failed to respond in any fashion to the Court's April 3, 2020 OSC. Plaintiff's failure to follow the Court's orders and to prosecute his case has

caused this action to languish, impermissibly allowing plaintiff to control the pace of the docket rather than the Court. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Plaintiff's conduct indicates that he does not intend to litigate this action diligently, or at all. Thus, the first and second factors weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

A rebuttable presumption of prejudice to an opposing party arises when a party unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted here. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Here, plaintiff has not offered any excuse for his failure to comply with the Court's orders. Further, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643 (citing *Sibron v. New York*, 392 U.S. 40, 57, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968)). Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). By failing to file a First Amended Complaint or respond to the Court's April 3, 2020 OSC, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders or move the case forward.

The fifth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal. "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . . ." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation marks omitted). In the instant case, however, each of these possibilities is either inappropriate for a pro se litigant proceeding in forma pauperis or has already been employed with no apparent effect.

The Court attempted to avoid dismissal by: (1) after plaintiff's deadline to file a First Amended Complaint or given notice of intent to stand on the Complaint passed, waiting more than a month before issuing an OSC in which the Court warned plaintiff that failure to timely respond to the OSC would be deemed by the Court as consent to dismissal of the action without prejudice; and (2) waiting more than two months beyond the deadline to respond to the OSC before issuing this order. Plaintiff has not communicated with the Court in any fashion since July 12, 2019. Further, dismissal without prejudice is less drastic than dismissal with prejudice. As there appears to be no less drastic sanction than dismissal without prejudice now available, the fifth factor weighs in favor of dismissal.

Based on the foregoing, dismissal of this action without prejudice is warranted for failure to prosecute and to obey court orders.

//
//
//

## III.
## **ORDER**

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing this action without prejudice.

DATED: ___June 26___, 2020

_____
HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE